Day, Chief Judge.
The record, upon the exceptions taken in the court below, presents a single question for our determination : Was the judgment in favor of the defendants warranted by the facts found ?
*573 By a parol agreement between the parties, the plaintiff leased, the premises to the defendants for one year from, July 1, 1868, at a rent of $3,500, payable in monthly installments.
About the time of the expiration of the lease, and again a year afterward, the parties negotiated for a new lease, differing in the term and amount of rent; but, upon the facts found, we think the court below might well hold that their minds never met in agreement upon a new lease, and that by reason of the continued possession of the premises by the defendants after the expiration of the lease for one year,, and the acceptance of monthly payments by the plaintiff at the same annual rent, the defendants were to be regarded as tenants holdiug over from year to year. This view of the case is the only one consistent with all the facts found.. They fail to establish an express lease for the period in question. The possession of the defendants does not imply an acceptance of the proposition of the plaintiff for a lease of two years, for it was referable solely to the original lease; and the application of the defendants fora reduction of the rent the following year, evinces their non-acceptance of the lease proposed, even if the proposition came to their knowledge. But where a tenant holds over by the consent of the lessor, the law presumes the holdiug to be upon the terms-of the original lease.
The defendants then being in possession under the implied lease from July 1, 1870, to July 1, 1871, on the first day of November, 1870, gave up the premises to the new firm of L. A. Corbin & Co. From that time the plaintiff " received the rent from the new firm, so far as it is shown to have been paid ; and for that of November, 1870, the-plaintiff', by its proper officer, made out a bill charging the new firm as its debtor therefor, and gave a receipt for that monthly installment to the new firm.
The plaintiff', then, must be presumed to have known that the defendants had assigned their lease to the firm of L. A. Corbin & Co. With that knowledge the new firm was. treated as the tenant of the plaintiff. We can not, there *574 fore, say the court below was not warranted in holding that the plaintiff, as a matter of fact, consented to the assignment. There being nothing to the contrary, the facts found prima facie warranted the conclusion that such assent was given.
But the defendants were not tenants by virtue of an express agreement when they assigned to the new firm. They were holding over from year to year only upon such terms as were implied by law. Their obligation to pay rent to the plaintiff was implied from their possession of its premises. When their possession ceased, and the plaintiff received rent from another tenant in possession upon his implied promise arising therefrom, that of the defendants could no longer be implied, for there was no privity of estate between the parties on which it could be based.
Had the tenancy of the defendants been in pursuance of an express lease, they would, undoubtedly, have remained liable, by virtue of the personal privity of the contract, notwithstanding their assignment of the lease. 2 Platt on Leases, 352.
But this rests on a principle applicable only to leases by express agreement. In 1 Washburn on Real Property, 493 (4 ed.), it is said: “ There is an important distinction to be observed between express and implied covenants in a lease, since oue who enters into an express covenant remains bound by’it, though the lease be assigned over, while such as are implied are co-extensive only with the occupation of the premises; the lessee, for instance, not being liable under his implied covenant for rent after his assignment to another, and the acceptance of rent by the lessor from the assignee.” The same doctrine is laid down in 2 Platt on Leases, 355; and is recognized and clearly stated by White, J., in Sutliff v. Atwood, 15 Ohio St. 194.
Since, theu, the defendants’ obligation to pay rent to the plaintiff was not founded upon an express agreement, but was only that implied by law from the privity of estate between the parties, the assignment of the lease and surrender of possession to the assignees, with the assent of the *575 ■plaintiff, to be implied from its acceptance of rent from tbe new tenant, extinguished the privity of estate between the parties, and the consequent implied liability of the defendants to pay rent.
The judgments of both courts below must, therefore, be .affirmed.

Judgment accordingly.